UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 20-50569-AMK |
| MIA SIMMONS, | Chapter 7 |
| | Judge Alan M. Koschik |
| Debtor. | |

**OBJECTION TO DEBTOR'S MOTION TO CONVERT TO CHAPTER 13**

Julie K. Zurn, Trustee for the case herein, objects to the Debtor's motion requesting the entry of an order converting her chapter 7 case to a case under chapter 13 of the Bankruptcy Code as the Trustee believes the conversion is not in good faith and is an attempt by the Debtor to conceal her assets and transfers of assets from her creditors.

The Debtor, Mia Simmons, filed her voluntary petition for relief on March 11, 2020. Accompanying her voluntary petition, were the necessary schedules and statement of financial affairs. The Debtor did not list ownership, past or present, of any real estate. The Debtor listed one retirement account, an STRS account with a nominal value. The Debtor listed only two bank accounts. The Trustee conducted the initial meeting of creditors in this case on May 5, 2020.

At the time of the initial meeting, the Debtor had not provided copies of her 2019 tax returns, her petition date bank statements, or copies of all pay stubs for the 60 days prior to the bankruptcy filing worth of pay stubs. Notwithstanding the Trustee conducted the initial meeting of creditors on May 5, 2020. During the course of the meeting, among other inquiries made to the Debtor, the Trustee inquired whether the Debtor owned or had previously owned the real estate located at 22094 Marberry Commons. The Debtor denied ownership, past or present, of the real

estate located at 22094 Marberry Commons, indicated she was a tenant at that location, but could not recall the name of her landlord. The Trustee did not conclude, but adjourned the meeting of creditors.

As a result of her independent review of public records in advance of first adjourned meeting of creditors, Trustee discovered the deed to the property located at 22094 Marberry Commons was in Debtor's name until the Debtor signed a deed transferring the property on December 6, 2019, only 3 months before her bankruptcy filing.

In addition, a review of Debtor's bank statements for the period prior to the petition date, but not encompassing the petition date, as the petition date statements have still not been provided to the Trustee, reveals transfers to undisclosed accounts and cash withdrawals in excess of $14,000 during the 90 days prior to the petition date. None of these transfers or withdrawals are disclosed in the Debtor's schedules or statement of financial affairs. Similarly, the Debtor only listed two bank accounts, and did not disclose the existence of other depository accounts.

The Debtor also lists involvement with two business entities in her schedules and statement of financial affairs. The Trustee's review of public records reveals there are likely other businesses with which the Debtor is or was in the recent past involved. In addition, the Debtor's 2019 tax return shows income from a business engaged in conflict remediation, but does not include any reference to the two businesses actually listed in the Debtor's schedules and statement of financial affairs.

The Trustee has made multiple requests to the Debtor for documents and information related to the Debtor's finances at the time she filed for bankruptcy and in the recent past. To date, the Debtor has failed to provide all of the requested information and documentation and just hours

before the last 341 meeting was scheduled to take place, Debtor, by and through counsel, filed a motion pursuant to section 706(a) to convert her chapter 7 case to a case under chapter 13.

A chapter 7 debtor does not have an absolute right to convert her bankruptcy case to a case under chapter 13 of the Bankruptcy Code. Section 706(a) states that a chapter 7 debtor "may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." However, section 706(d) clarifies, "notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." A debtor who has acted in bad faith does not qualify as a debtor under Chapter 13. *Marrama v. Citizens Bank of Mass.*, 127 S. Ct. 1105, 549 U.S. 365 (2007). Only the honest but unfortunate debtor has the absolute ability to convert to chapter 13.

The Trustee respectfully suggests this Debtor is not the honest but unfortunate debtor with an absolute ability to convert to chapter 13. Rather, this Debtor has intentionally misled or made false statements to the Trustee and has failed to disclose all of her assets and all transfers of her assets in close proximity to the filing of her chapter 7 case.

WHEREFORE, Trustee respectfully requests the Court sustain the Trustee's objection, deny the Debtor's motion to convert her chapter 7 case to a case under chapter 13, and grant such other equitable relief as the Courts finds just.

Respectfully submitted,

/s/ Julie K. Zurn
Julie K. Zurn 0066391
Chapter 7 Trustee
Brouse McDowell
388 S. Main Street, Suite 500
Akron, OH 44311

Tel (330) 535-5711
jzurn@brouse.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically transmitted on or about June 12, 2020 via this Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

U.S. Trustee
Wilhelmina Huff, Counsel for Debtor(s)

and to the following via regular U.S. mail on June 12, 2020:

MIA SIMMONS, Debtor
1268 CANYON VIEW RD.
NORTHFIELD, OH 44067

All Creditors

/s/ Julie K. Zurn
Julie K. Zurn  #0066391
Chapter 7 Trustee